IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| THOMAS BALTRUSAITIS, *et al.*, | |
| Plaintiffs, | No. 20-cv-12793-RHC-RSW |
| v. | Honorable Robert H. Cleland<br>District Judge |
| INTERNATIONAL UNION UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, *et al.*, | Honorable R. Steven Whalen<br>Magistrate Judge |
| Defendants. | |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
FCA US LLC'S MOTION TO DISMISS THE AMENDED COMPLAINT**

Thomas W. Cranmer (P25252)
Brian M. Schwartz (P69018)
MILLER, CANFIELD, PADDOCK
   & STONE, PLC
840 West Long Lake Road
Suite 150
Troy, Michigan  48098
Tel:  (248) 879-2000
*cranmer@millercanfield.com*
*schwartzb@millercanfield.com*

Steven L. Holley (N.Y. 1917830)
Jacob E. Cohen (N.Y. 4787271)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Tel:  (212) 558-4000
*holleys@sullcrom.com*
*cohenja@sullcrom.com*

Julia M. Jordan (N.Y. 2814952)
SULLIVAN & CROMWELL LLP
1700 New York Avenue N.W., Suite 700
Washington, D.C.  20006
Tel:  (202) 956-7500
*jordanjm@sullcrom.com*

*Counsel for FCA US LLC*

May 17, 2021

## TABLE OF CONTENTS

*Page*

I.    The LMRA claim against FCA should be dismissed ................................... 1

II.   The civil RICO claims against FCA should be dismissed ........................... 4

III.  The common law claims against FCA should be dismissed ........................ 7

Conclusion ................................................................................................... 7

## TABLE OF AUTHORITIES

*Page(s)*

**Cases**

*Bell* v. *Morrison*,
    26 U.S. 351 (1828) .......................................................................................... 4

*DeShetler* v. *FCA US LLC*,
    2018 WL 6257377 (N.D. Ohio Nov. 30, 2018) .................................................. 5

*DeShetler* v. *FCA US, LLC*,
    790 F. App'x 664 (6th Cir. 2019) .................................................................. 1, 3

*Goff* v. *Nationwide Mut. Ins. Co.*,
    2019 WL 7604826 (S.D. Ohio Sept. 30, 2019) .................................................. 6

*Great Lakes Water Auth.* v. *Petro Env't Techs., Inc.*,
    2017 WL 768685 (E.D. Mich. Feb. 28, 2017) ................................................... 1

*Grimmett* v. *Brown*,
    75 F.3d 506 (9th Cir. 1996) ............................................................................... 6

*Pearson* v. *SEIU Healthcare Mich.*,
    501 F. App'x 461 (6th Cir. 2012) ...................................................................... 2

*Pocahontas Supreme Coal Co.* v. *Bethlehem Steel Corp.*,
    828 F.2d 211 (4th Cir. 1987) ............................................................................. 4

*Precious Creation, Inc.* v. *Mercantile Bank Mortg. Co.*,
    731 F. App'x 498 (6th Cir. 2018) ...................................................................... 3

*Rotella* v. *Wood*,
    528 U.S. 549 (2000) .......................................................................................... 5

*Smith* v. *Gen. Motors LLC*,
    988 F.3d 873 (6th Cir. 2021) ............................................................................. 7

*Swanigan* v. *FCA US, LLC*,
    2018 WL 4030815 (E.D. Mich. Aug. 23, 2018) ................................................ 1

*Swanigan* v. *FCA US LLC*,
    938 F.3d 779 (6th Cir. 2019) ............................................................................. 2

*Taylor* v. *Sturgell*,
    553 U.S. 880 (2008) ................................................................................... 2

*Torres* v. *Vitale*,
    954 F.3d 866 (6th Cir. 2020) ..................................................................... 1

*Trollinger* v. *Tyson Foods, Inc.*,
    370 F.3d 602 (6th Cir. 2004) ................................................................ 4, 5

*United States* v. *Hamdi*,
    432 F.3d 115 (2d Cir. 2005) ....................................................................... 2

**Rules**

Fed. R. Civ. P. 9(b) ............................................................................................. 7

**Other Authority**

Antonin Scalia & Bryan A. Garner,
    *Reading Law:  The Interpretation of Legal Texts* (2012) .................................... 2

Plaintiffs' Opposition confirms that their claims are time-barred and suffer from numerous other fatal defects. Indeed, the Court need not address the RICO claims at all because Plaintiffs chose not to respond to FCA's primary argument that the RICO claims are precluded by the "detailed remedial scheme[]" of Section 301 of the LMRA. *Torres* v. *Vitale*, 954 F.3d 866, 875 (6th Cir. 2020); *see* FCA Br. 15-19, ECF No. 42, PageID.832-36. Plaintiffs' "failure to address FCA's argument in their Responsive brief 'constitutes waiver or abandonment.'" *Swanigan* v. *FCA US, LLC*, 2018 WL 4030815, at *3 (E.D. Mich. Aug. 23, 2018).

I.  **The LMRA claim against FCA should be dismissed.**

**1. Plaintiffs do not plead that FCA breached a CBA.** Plaintiffs do not meaningfully respond to FCA's arguments that (i) FCA did not breach Section 57 of the CBA, (ii) Plaintiffs do not identify any provision of any agreement that FCA allegedly failed to "administer," and (iii) a claim for breach of the implied covenant of good faith is not cognizable under the LMRA. Because Plaintiffs offer no "developed argumentation" on these points, they are waived. *Great Lakes Water Auth.* v. *Petro Env't Techs., Inc.*, 2017 WL 768685, at *3 (E.D. Mich. Feb. 28, 2017).

Rather than address FCA's arguments or controlling authority, Plaintiffs contend that the UAW's Public Review Board ("PRB")—"an internal UAW body," *DeShetler* v. *FCA US, LLC*, 790 F. App'x 664, 668 (6th Cir. 2019)—opined that "bribing union officials does constitute a contractual violation." (Opp. 33, ECF No.

54, PageID.1057.) Even putting to one side that FCA was not a party to the PRB proceeding (PRB Decision, ECF No. 54-4, PageID.1147) and thus not bound by any such decision under black-letter law, *Taylor* v. *Sturgell*, 553 U.S. 880, 892-93 (2008), the Sixth Circuit has squarely held that allegations of "bribes paid by FCA officials to UAW officials" does not constitute a "breach[] [of] any provision of the [CBA]." *Swanigan* v. *FCA US LLC*, 938 F.3d 779, 784 (6th Cir. 2019).[1]

Lastly, Plaintiffs argue in a single conclusory sentence—but did not allege in the Amended Complaint—that the alleged "bribes" violated the "Purpose and Intent" clause of the CBA. (Opp. 32, PageID.1056.) It is well-established that "recitals of the purposes and motives of the contracting parties . . . cannot create any right[s]." *United States* v. *Hamdi*, 432 F.3d 115, 123 (2d Cir. 2005) (Sotomayor, J.); *see* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 217 (2012) (a "purpose clause" is "not part of the . . . privately created set of rights and duties" in a contract). And Plaintiffs do not explain how anything FCA allegedly did violated the broad platitude of having "friendly and cooperative relations" with the UAW. (CBA at 5, ECF No. 42-1, PageID.849.)

---

[1] The case Plaintiffs cite shows that the PRB is entitled to no deference in any event because "[t]he primary consideration in deciding whether a union's internal dispute resolution is entitled to deference is . . . whether the plaintiff's claim challenges 'the *interpretation of the union's constitution*.'" *Pearson* v. *SEIU Healthcare Mich.*, 501 F. App'x 461, 468 (6th Cir. 2012) (emphasis added). Plaintiffs do not rely on the PRB's interpretation of the UAW's Constitution, but on the PRB's unsupported musings about the CBA that are inconsistent with binding Sixth Circuit precedent.

**2. Plaintiffs' LMRA claim is time-barred.** Plaintiffs' Opposition ignores that the Sixth Circuit already has dismissed as time-barred virtually identical claims brought by other FCA employees *in 2018*—three years before Plaintiffs filed this action. *See DeShetler*, 790 F. App'x at 669. Rather than address *DeShetler* (which is directly on point), Plaintiffs again point to the PRB decision (Opp. 30, PageID.1054), which is not binding on FCA and did not address whether a claim against FCA would be timely under Section 301 of the LMRA. Instead, the PRB addressed the entirely different question of whether Plaintiffs timely invoked the UAW's internal appeal process under the UAW Constitution. (*See* PRB Decision, ECF No. 54-4, PageID.1158-60.) Thus, the PRB's observation that Iacobelli's "guilty plea" allegedly revealed that Plaintiffs' transfer was "tainted" (*id.*) has no relevance here because (i) the LMRA's six-month limitations period had already expired years earlier when Plaintiffs' initial 2015 grievance was denied and could not be extended by the filing of more grievances (FCA Br. 12, PageID.829), a point Plaintiffs do not dispute; and (ii) "discovery of the injury, not discovery of the other elements of a claim, is what starts the clock." *DeShetler*, 790 F. App'x at 670.

Although Plaintiffs recite the elements for equitable tolling, they make no effort to satisfy them (Opp. 19-21, PageID.1043-45), including the requirement to identify "affirmative concealment" beyond an "unwillingness to divulge wrongful activities," which dooms their claim. *Precious Creation, Inc.* v. *Mercantile Bank*

*Mortg. Co.*, 731 F. App'x 498, 501 (6th Cir. 2018). "To permit a claim of fraudulent concealment to rest on no more than an alleged failure to own up to illegal conduct . . . would effectively nullify the statute of limitations." *Pocahontas Supreme Coal Co.* v. *Bethlehem Steel Corp.*, 828 F.2d 211, 218-19 (4th Cir. 1987).

With the law squarely against them, Plaintiffs resort to rhetoric by contending that unless the Court gives them a free pass, "defendants will have 'gotten away with' the bribery." (Opp. 21, PageID.1045.) As Justice Story explained long ago, there is nothing "unjust" about applying statutes of limitations; they are "wise and beneficial law[s]" that "afford security against stale demands." *Bell* v. *Morrison*, 26 U.S. 351, 360 (1828). In any event, as confirmed by FCA's guilty plea and $30 million fine that Plaintiffs spotlight, FCA has not "gotten away" with anything.

## II. The civil RICO claims against FCA should be dismissed.

FCA argued at length that Section 301 of the LMRA is "a precisely drawn, detailed statute" that precludes remedies under the "more general" RICO statute. (FCA Br. 15-19, PageID.832-36.) Because Plaintiffs chose not to address this independent ground for dismissal beyond characterizing FCA's argument as "ironic" (Opp. 35, PageID.1059), their RICO claims should be dismissed for this reason alone. Plaintiffs' other arguments, which the Court need not address, are meritless.

**1. The NLRB has exclusive jurisdiction over the alleged predicate acts.** Plaintiffs agree that under *Trollinger* v. *Tyson Foods, Inc.*, 370 F.3d 602 (6th Cir.

2004), their RICO claim is barred unless the "labor questions in the case amount to no more than collateral issues." (Opp. 9, PageID.1033.) Plaintiffs now say the labor issues are collateral (*id.* at 10), but the Amended Complaint's central premise is that FCA allegedly "illegally manipulat[ed] the collective bargaining and grievance processes." (AC ¶ 6, ECF No. 4, PageID.334.) Such alleged conduct constitutes an "unfair labor practice claim over which the NLRB has exclusive jurisdiction." *DeShetler* v. *FCA US LLC*, 2018 WL 6257377, at *10 (N.D. Ohio Nov. 30, 2018).[2]

**2. RICO's four-year statute of limitations bars Plaintiffs' claim.** Rather than explain how their claims are timely, Plaintiffs twist the Supreme Court's holding in *Rotella* v. *Wood*, 528 U.S. 549 (2000). The Supreme Court did not leave open the possibility that a RICO claim accrues only when a plaintiff discovers "both an injury and a pattern of RICO activity." (Opp. 12, PageID.1036.) The Supreme Court squarely rejected that option: "we eliminate . . . the minority injury and pattern discovery rule," explaining further that "any accrual rule softened by a pattern discovery feature would undercut every single policy" underlying RICO. *Rotella*, 528 U.S. at 554-55, 558.[3] Because Plaintiffs admit that they knew of their

---

[2] Tellingly, the sole authority Plaintiffs cite as support for their assertion that *Trollinger* does not bar their claims are two Kentucky district court cases decided more than a decade before *Trollinger*. (Opp. 10-11, PageID.1034-35.)

[3] The only question the Supreme Court left open in *Rotella* was whether to adopt an "injury discovery" rule, or an "'injury occurrence' rule, under which discovery would be irrelevant." 528 U.S at 554 n.2.

alleged injuries "[s]oon after the transfer took effect" in 2011 (Opp. 3, PageID.1027), there are no "factual issues" that require development (*id.* at 16, PageID.1040).

Plaintiffs also argue that part of their claims are timely under the "separate accrual" rule, but the case Plaintiffs cite makes clear that "[n]either the Supreme Court nor . . . the Sixth Circuit has adopted the 'separate accrual rule.'" *Goff* v. *Nationwide Mut. Ins. Co.*, 2019 WL 7604826, at *7 (S.D. Ohio Sept. 30, 2019). Even if a "separate accrual" rule exists, it does not apply here because Plaintiffs do not identify any "new injury, separate and independent from" the harm they allegedly incurred from the 2011 transfer of operations. *Id.* Their contention that the UAW "oppos[ed] plaintiffs' legal positions" during the PRB proceeding in 2018 (Opp. 17, PageID.1041) "creates no new injury" but is "merely 'a subsequent act, part in parcel' of an out-of-limitations injury." *Goff*, 2019 WL 7604826, at *8.

Indeed, in the seminal case adopting the "separate accrual" rule, the Ninth Circuit rejected the argument, akin to Plaintiffs' argument here, that providing allegedly false testimony in a subsequent bankruptcy proceeding was a "new and independent" injury, holding instead that the court-related conduct was "part of the same . . . scheme" to takeover a business, and thus "merely a reaffirmation of a previous act." *Grimmett* v. *Brown*, 75 F.3d 506, 513-14 (9th Cir. 1996). The same logic applies to the UAW's alleged conduct in opposing Plaintiffs' efforts to unwind the 2011 transfer.

### III. The common law claims against FCA should be dismissed.

Plaintiffs cannot excuse their failure to plead fraud with particularity by asserting that FCA's "plea agreement[]" put FCA "on notice." (Opp. 36-37, PageID.1060-61.) FCA did not plead guilty to any fraud claim, and thus even if pleading by cross-reference were permissible (it is not), nothing in the plea agreement would satisfy Plaintiffs' pleading burden under Rule 9(b). *See Smith* v. *Gen. Motors LLC*, 988 F.3d 873, 883 (6th Cir. 2021) (listing elements). As just one example, neither the Amended Complaint nor the plea agreement identify any statement that FCA made to Plaintiffs—false or otherwise.

Plaintiffs concede that there is no claim for conspiracy under federal common law. (Opp. 38, PageID.1062.) The RICO and Michigan conspiracy claims fail for the reasons explained in FCA's opening brief. (FCA Br. 24-25, PageID.841-42.)

## CONCLUSION

The Court should dismiss the Amended Complaint with prejudice.

May 17, 2021

Thomas W. Cranmer (P25252)
Brian M. Schwartz (P69018)
MILLER, CANFIELD, PADDOCK
   & STONE, PLC

Respectfully submitted,

/s/ *Steven L. Holley*
Steven L. Holley (N.Y. 1917830)
Julia M. Jordan (N.Y. 2814952)
Jacob E. Cohen (N.Y. 4787271)
SULLIVAN & CROMWELL LLP

*Counsel for FCA US LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2021, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:  None.

                    Respectfully submitted,

                    /s/  *Steven L. Holley*
                    Steven L. Holley (N.Y. 1917830)
                    SULLIVAN & CROMWELL LLP
                    125 Broad Street
                    New York, New York  10004
                    Tel:  (212) 558-4000
                    *holleys@sullcrom.com*

                    *Counsel for FCA US LLC*

May 17, 2021